**Penny L. POWERS, individually and as guardian ad litem Aaron Dardan Bear Don't Walk, Plaintiff–Appellant,**

v.

**Vicki DEVEREAUX, Defendant–Appellee.**

No. 00–35131.

D.C. No. CV–98–00072–RWA.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 13, 2001.

Decided Oct. 5, 2001.

Before KOZINSKI and GOULD, Circuit Judges, and SCHWARZER, District

Judge.*

### MEMORANDUM **

■ The district court did not err in considering Devereaux's second motion for summary judgment. A court may consider successive summary judgment motions on the same issue. *See, e.g., Wallis v. Spencer,* 202 F.3d 1126, 1135–36 (9th Cir. 2000).

■ Nor did the district court err in granting Devereaux's motion for summary judgment. Devereaux enjoys qualified immunity because "officers of reasonable competence could disagree" as to the constitutionality of her actions. *Malley v. Briggs,* 475 U.S. 335, 341, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986). "The constitutional right of parents and children to live together without governmental interference is well established." *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.,* 237 F.3d 1101, 1107 (9th Cir.2001) (citation omitted). However, "[t]he interest of the parents must be balanced against the interest[ ] of the state .... in protecting a child from a reasonably foreseeable risk of harm...." *Kruse v. Hawai'i,* 68 F.3d 331, 336 (9th Cir.1995) (citations and internal quotations omitted). Social workers enjoy substantial latitude in providing such protection, and Devereaux had sufficient information to justify her concern for the children.

**AFFIRMED.**

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

